02-10-445-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00445-CR 

 

 


 
 
 David Dewayne Wilson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          A
jury convicted David Dewayne Wilson of possession of cocaine in excess of four,
but less than 200, grams with the intent to deliver.[2]  The jury also found that he
used a deadly weapon in the commission of the offense and assessed punishment
at twenty years’ confinement. The trial court sentenced him accordingly.  Appellant
raises one issue on appeal:  that the trial court erred by overruling his
counsel’s objection to the prosecutor’s improper argument on guilt.  Because the
argument was proper for two reasons, we affirm.

Background
Facts

          On
January 19, 2010, officers executed a no-knock search warrant at appellant’s residence. 
Officers detained appellant near the front door and proceeded to search the apartment.
 Officers found suspected cocaine and a razor blade on top of appellant’s
television.[3]
Under a flap in the couch, officers also found a bag of cocaine and a bag of
marijuana. Officers found the drugs packed in smaller, individualized baggies
inside the first two bags.  Tests confirmed the baggies contained 32.71 grams
of cocaine and 11.9 grams of marijuana.  Officer Roderick Martin testified that
individualized baggies like the ones found are generally used in dealing
narcotics.  Officers also found a loaded Glock pistol on the floor near appellant
and $445 in small denomination bills in appellant’s pockets.  An officer
testified that large amounts of cash in small denominations were consistent with
an individual dealing drugs.

          The
trial court held a jury trial on October 1, 5, and 7, 2010. After the jury
convicted appellant, he timely filed this appeal.

Permissible
Categories of Jury Argument

          Appellant
says that he was substantially prejudiced by the following part of the State’s argument,
which he contends did not qualify as a summation of, or a reasonable deduction
from, the evidence.  Nor, he contends, was it responsive to arguments of the
defense:

But you have to ask
yourselves - - Defense counsel gets up here and says you’ve heard no evidence
about the investigation, why they were there.  Ask yourselves why they were
there?  He begs the question, why were they there?  Pursuant to a search
warrant signed by a judge. So why did they have that search warrant? Because of
the investigation that led them to that apartment, that quadplex, with concerns
about guns and drugs.  That’s why they were there.  There was smoke. They were
looking for the fire, and, boy, did they find the fire.  It wasn’t a hunch.  It
wasn’t guesswork.  This was pursuant [to] and this was a termination of a long
investigation.  Thank goodness they got it.

 

Appellant
immediately objected to the argument, stating, “[T]hat’s [a] comment on
something not in evidence along with the investigation.”  The State contended that
appellant had invited the argument in his closing argument, and it was a
reasonable deduction from the evidence that an investigation had taken place.  The
trial court overruled the objection.

Applicable
Law

          To
be permissible, the State’s jury argument must fall within one of the following
four general areas:  (1) summation of the evidence; (2) reasonable deduction
from the evidence; (3) answer to argument of opposing counsel; or (4) plea for
law enforcement.  Felder v. State, 848 S.W.2d 85, 94–95 (Tex. Crim. App.
1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State, 493
S.W.2d 230, 231 (Tex. Crim. App. 1973).  See generally Tex. Code Crim.
Proc. Ann. § 36.07 (West 2007) (giving State the right to make concluding
argument). To determine whether the State’s argument falls within one of the
four categories of permissible argument, we must consider the argument both in
the context in which it appears and in light of the entire record.  Gaddis
v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); Hernandez v. State,
114 S.W.3d 58, 61–62 (Tex. App.––Fort Worth 2003, pet. ref’d).  Here, we conclude
that the State’s argument falls under two of the four permissible types of jury
argument when analyzed in their context and in light of the entire record.

Summation

          The
prosecutor claimed the search warrant came about as the result of an
investigation, and said, “It wasn’t a hunch. It wasn’t guesswork.”  This
statement qualifies as a summation of the evidence presented.  See Hernandez,
114 S.W.3d at 61–62.  On cross-examination, the defense asked Officer Carolyn
Gilmore, “Officer, you did a follow-up investigation?  Is that what you were
doing when you came in there?”  Officer Gilmore replied, “No, sir.  The
investigation had already occurred.  I was just in there with the search.”  This
testimony established that the police had conducted an investigation before
obtaining and executing the search warrant.  Therefore, the prosecutor did not
stray beyond the record when he mentioned the topic of a prior investigation in
his closing argument.

Reasonable
Deductions

          Reasonable
deductions and inferences from the evidence also support the prosecutor’s
arguments that an investigation occurred and that it was long.  Officer Martin
testified that officers had “intel” prior to the execution of the search
warrant at appellant’s address.  It is a reasonable deduction from the evidence
that this “intel” came about as the result of an investigation.  See Orr v.
State, 306 S.W.3d 380, 403 (Tex. App.—Fort Worth 2010, no pet.).  The
guidelines to issue a search warrant also support the conclusion that an
investigation occurred.  A magistrate must determine that sufficient evidence
of probable cause exists before the magistrate may issue a warrant.  See
Tex. Code Crim. Proc. Ann. art. 18.01(b) (West Supp. 2010).  Therefore, it is
reasonable to conclude from the issuance of the warrant here that some
investigation had been conducted before its issuance.

Furthermore,
Officer Charles Brady, an eighteen-year veteran of the Fort Worth Police
Department and SWAT team member, testified about the procedures normally
employed prior to the execution of a search warrant for narcotics. When asked
about the procedures, Brady said, “[O]bviously, narcotics [does] their
investigation. Once they have probable cause for a warrant to be written, they
. . . bring the information to our administration. They’ll go out, do a recon
on a residence to do a briefing. And what that entails is going out taking a
look at it, windows, doors, . . . all the information we need to go up there
and do our job in a safe manner.” While the officer did not testify about the
specific investigation in appellant’s case, it is a reasonable deduction from
Officer Brady’s testimony describing the pre-warrant narcotics investigation process
followed in general that the procedures would take some time to perform.  Thus,
it is reasonable to infer that the police performed a “long” investigation here.
 See Orr, 306 S.W.3d at 403 (holding prosecutor’s closing argument that defendant
had told her daughter to lie to the police was a reasonable deduction from the evidence
when a tape was admitted in which a Texas Ranger confronted the defendant with
a contradictory statement by her daughter).

To
the extent that appellant complains about the statement about guns and drugs
being a concern of the prior investigation, Officer Brady also testified that SWAT
team members were used in both high risk and narcotics searches.  Officer
Carlos Cespedes testified about the presence of a firearm in the apartment and
said, “[P]ossession of a firearm . . . quite frequently occurs
with . . . the amount of the narcotics that were in there.”
Officer Cespedes agreed that these weapons were often in place because drug
dealers feel that they need “to protect their product.”  It is likewise a
reasonable deduction from this evidence that the investigation was concerned
with guns as well as drugs.[4]

Conclusion

          Because
the complained-of arguments were within the bounds of permissible jury argument,
we overrule appellant’s sole issue and affirm the trial court's judgment.

 

 

 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; DAUPHINOT,
J.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 4, 2011









[1]See Tex. R. App. P. 47.4.





[2]Tex.
Health & Safety Code Ann. § 481.112(a), (d) (West 2010).





[3]The
State did not perform any tests to determine whether the substance on top of
the television was actually cocaine.  It was not presented as cocaine at trial.





[4]Even
if this comment about the investigation involving guns was not a reasonable
deduction from the evidence, it was nevertheless harmless in light of the
entire record.  See Tex. R. App. P. 44.2(b); Motilla v. State, 78
S.W.3d 352, 355 (Tex. Crim. App. 2002).